IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERGIO SALAZAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| IMOLA, LLC d/b/a LA GANDOLA ITALIAN RESTAURANT and ANDREW MCGUIRE, individually, | ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Sergio Salazar, by and through his attorneys, for his Complaint against IMOLA, LLC d/b/a La Gandola Italian Restaurant and Andrew McGuire, individually (herein "Defendants"), state as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendants' failure to pay overtime wages and minimum wages to Plaintiff.

2. Defendants' practice and policy of requiring Plaintiff, a delivery driver, to pay his own gas, automobile expenses, and other travel related expenses while he delivered food for Defendants resulted in Plaintiff earning less than the minimum wage set by state and federal law. Defendants also failed to pay Plaintiff overtime wages at a rate of one and one half times his regular rate.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

5. Plaintiff Sergio Salazar resides and is domiciled in this judicial district.

6. Plaintiff Sergio Salazar is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of his employment, Plaintiff Sergio Salazar handled goods that moved in interstate commerce.

7. Defendant IMOLA, LLC d/b/a La Gandola Italian Restaurant (hereinafter "La Gandola" is a limited liability corporation doing business within this judicial district. Defendant La Gandola is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8. Defendant La Gandola was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

9. Defendant Andrew McGuire is member/ manager of La Gandola and is involved in the day-to-day business operation of La Gandola. Among other things, Defendant Andrew McGuire has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation

2

and capital expenditures.

10. Defendant Andrew McGuire was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

11. Defendant Andrew McGuire resides and is domiciled in this judicial district.

## FACTUAL ALLEGATIONS

12. Defendants operate an Italian restaurant located at 2914 N. Ashland Avenue in Chicago, Illinois.

13. Defendants offer food delivery services at cost to the client of $2.95 per delivery.

14. Plaintiff was a delivery driver for Defendants for 10 years.

15. Defendants did not reimburse Plaintiff for gas, insurance, automobile expenses and other travel related expenses while he worked for Defendants making food deliveries.

16. The Defendants failure to adequately reimburse Plaintiff for expenses incurred on Defendants' behalf resulted in Plaintiff being paid less than both the Federal and Illinois minimum wage and reduced his wages below what the parties agreed at the time of hiring in violation of the Illinois Wage Payment and Collection Act.

17. The travel expenses which were incurred by Plaintiff in delivering Defendants' food were incurred primarily for the benefit of the employer. The requirement that Plaintiff pay his travel expenses constituted a kick-back to the Defendants such that the hourly wages which were paid to the Plaintiff were not paid free and clear of all outstanding obligations to his employer.

18. Prior to June 2014, Defendants paid Plaintiff $1.00 of the $2.95 they charged customers for deliveries. After June 2014, Plaintiff was not paid any of the delivery charge.

19. The delivery charge reduces the amount customers were willing to tip Plaintiff

because many clients believed they had already paid a tip by paying the delivery charge.

20. In addition, Defendants failed to pay Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in a single work week in violation of the FLSA and the IMWL.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 20 of this Complaint, as if fully set forth herein.

21. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff.

22. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

23. Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

25. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week in the three years prior to filing this lawsuit.

26. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

27. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

28. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

29. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

30. Defendant willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A. A judgment in the amount of one and one-half times the greater of the federal minimum wage rate or Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

    B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C. Reasonable attorneys' fees and costs incurred in filing this action; and

    D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

31. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

32. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

33. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants'

"employee" within the meaning of that Act.

34. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

35. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

36. Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

37. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

38. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the greater of the State mandated minimum wage rate or Plaintiff's regular rate for all time which Plaintiff worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Illinois Wage Payment and Collection Act

Plaintiff hereby realleges and incorporates paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

39. This count arises from the violation of the IWPCA for Defendants' failure and refusal to pay Plaintiff at the rate agreed by the parties.

40. During the course of his employment with Defendants, Plaintiff was not fully compensated for all time worked in certain work weeks because of Defendants required Plaintiff to pay for gas, insurance, automobile expenses and other travel expenses and after June 2014 was not paid a portion of the delivery charge.

41. Plaintiff was entitled to be paid for all time worked at the rate agreed by the parties.

42. Defendants failure to pay Plaintiff for all time worked at the rate agreed to by the parties violated the IWPCA.

43. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants, as follows:

A. A judgment in the amount of all unpaid wages and delivery charges due, as provided by the IWPCA;

B. Prejudgment interest on the unpaid wages in accordance with 815 ILCS 205/2 and damages as set forth in 820 ILCS 115/14;

C. Liquidated damages in the amount of all unpaid wages in accordance with 820 ILCS 175/95(a)(1);

D. An injunction precluding Defendants from violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*;

E. Reasonable attorneys' fees and costs incurred in filing this action; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 43 of this Complaint, as if fully set forth herein.

44. This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiff state-mandated minimum wages for all time worked.

45. Because Plaintiff was forced to pay travel related expenses his wages fell below the Illinois minimum wage.

46. Plaintiff was entitled to be paid the Illinois minimum wage for all time worked.

47. Defendants' failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

48. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

    B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

    D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Fair Labor Standards Act – Minimum Wages

Plaintiff hereby incorporates and realleges paragraphs 1 through 48 as though set forth herein.

49. This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiff the federally mandated minimum wages for all time worked.

50. During the course of Plaintiff's employment with Defendants, Defendants required Plaintiff to pay for travel related expenses. As a result, Plaintiff's hourly wage fell below the federal minimum wage.

51. Defendants' failure to pay the federal minimum wage rate violated the minimum wage hour provisions of the FLSA.

52. Defendants willfully violated the FLSA by refusing to pay Plaintiff the federally mandated minimum wages for all hours he worked.

53. Plaintiffs is entitled to recover unpaid wages for three years prior to the filing of this suit because of Defendants' failure to pay minimum wages for all hours worked in individual work weeks was a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours that Plaintiff worked;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: August 28, 2015                **SERGIO SALAZAR**

By: _/s/Carlos G. Becerra
One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
PERLA M. GONZALEZ (ARDC # 6310896)
Becerra Law Group, LLC
122 South Michigan, Suite 1850
Chicago, Illinois 60603
Telephone: (312)753-6967
Facsimile: (888)826-5848
Email: cbecerra@law-rb.com
E-mail: pgonzalez@law-rb.com